EMPLOYMENT AGENCIES — — LICENSING
If any person charges a fee for procuring employment for a workman, and does not pay for wages, social security, unemployment and workmen's compensation insurance, and does not assume responsibility for the acts of the workman who is placed under the total supervision of the third person, then that person is subject to the provisions of 40 O.S. 53 [40-53](a) (1971) and is required to be licensed as an employment agency in the State of Oklahoma, regardless of the number of days of employment of the workman by the third person. The Attorney General is in receipt of your letter in which you request an opinion regarding the following question: If an individual charges a fee for membership in a "club" and that individual subsequently places the "members" of the club on construction jobs for less than 60 days, does that activity require a license as an employment agency by virtue of the provisions of 40 O.S. 52 [40-52] (1971) et seq.? Title 40 O.S. 53 [40-53](a) (1971) provides in relevant part: "No person shall open, operate or maintain an employment agency in the State of Oklahoma without first procuring a license from the administrator. Any person who shall open or conduct any such agency without first having procured a license shall be guilty of a misdemeanor and, upon conviction, shall be punished as provided in Section 6 of this Act . . ." The definition section of the Act, found at 40 O.S. 52 [40-52](g) (1971), specifies to whom the Act is applicable, as follows: "(g) 'Private Employment Agency' or 'Private Employment Agent' shall mean any person, firm or corporation who, for a fee, (1) procures or offers or attempts to procure employees for persons seeking the service of employees, or employment for persons seeking employment; or (2) who, in seeking to perform any of the foregoing, gives information by any means as to where employees or employment may be obtained; Provided, however, that this definition shall not include charitable organizations, and Provided, further, that a person employing individuals to render part-time or temporary personal services to, for, or under the direction of a third person is not an employment agency within the meaning of this Act if the person employing the individuals, in addition to wages or salaries, pays federal social security taxes, state and federal unemployment insurance, carries workmen's compensation insurance as required by state law, and has responsibility for the acts of his employees while rendering services to or under the direction of a third person." In interpreting a statute, the Oklahoma Supreme Court has stated in McVicker v. Board of County Commissioners, 442 P.2d 297 (1968), that: ". . . if the wording of a provision of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning." A plain reading of 40 O.S. 52 [40-52](g) (1971), supra, makes it apparent that the Section defines an employment agency as one who charges a fee to (1) procure or attempt to procure employment for a person or (2) provides information as to where employment may be obtained. The latter portion of 52(g), supra, prescribes an exemption to the definition of an employment agency. Any person who hires or employs an individual to render part-time services to a third person is not considered a licensable employment agency, as long as the employing person pays the wages, social security, state and federal unemployment insurance, workmen's compensation insurance, and assumes responsibility for the acts of the employee, while he performs services for the third person. A person who places an employee under the supervision of a third person, with the third person making payments for wages, social security, etc., would not come within the preceding exception provided in Section 52(g), and would therefore be subject to the licensing provisions of the Act, supra. An employing person is exempt from the licensing provisions as long as an employee is placed under the supervision of a third person for less than 60 days and with the employing person paying wages, social security, etc., pursuant to Section 40 O.S. 52 [40-52](g), supra. If the third person makes the payments to the employee, then the 60 day provision is not applicable, and the person placing such an employee requires a license. However, the implementation of the statutory language would necessarily involve a question of fact to be determined in each individual situation, regarding who actually paid for the wages, social security, unemployment insurance, workmen's compensation insurance, and as well who assumed the responsibility for the acts of the employee. It is, therefore, the opinion of the Attorney General that your question be answered as follows: If any person charges a fee for procuring employment for a workman, and does not pay for wages, social security, unemployment and workmen's compensation insurance, and does not assume responsibility for the acts of the workman who is placed under the total supervision of a third person, then that person is subject to the provisions of 40 O.S. 53 [40-53](a) (1971), and is required to be licensed as an employment agency in the State of Oklahoma, regardless of the number of days of employment of the workman by the third person. (Steven E. Moore)